FILED
CLERK, U.S. DISTRICT COURT

JAN 1 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN A. SHARPE,<br><br>    Defendant. | Case No. CV 09-03237 UA (AJW)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION OF<br>MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the entire record in this action, the attached Report and Recommendation of Magistrate Judge ("Report"), and the objections thereto. Good cause appearing, the Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report after having made a *de novo* determination of the portions to which objections were directed.

**IT IS SO ORDERED**.

DATED: _Jan 12_, 2010

_____
AUDREY B. COLLINS
United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHADALE L. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN A. SHARPE,<br><br>    Defendant. | Case No. CV 09-03237 UA (AJW)<br><br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE |

    On May 7, 2009, plaintiff, a state prisoner proceeding pro se, filed an application for leave to proceed without prepayment of the full filing fee ("IFP application"). A notice was filed and served advising plaintiff that he did not submit a complaint or petition with his application, and that if he did not submit a complaint or petition within 30 days, this action would be closed.

    Plaintiff requested and received two extensions of time in which to submit a complaint. He also received two more warnings that this case would be closed if he failed to submit a timely complaint. Plaintiff did not submit a complaint by the deadline of September 15, 2009. Accordingly, on October 2, 2009, an "Order of Dismissal" was filed, and this case was administratively closed.

    On October 23, 2009, plaintiff filed a "Declaration of Extraordinary Circumstances Preventing Timely Filing of Complaint; Filing of Complaint"("Plaintiff's Decl."). The title page of plaintiff's declaration had this case number on it. In that declaration, plaintiff stated that between April 30, 2009 and October 19, 2009, prison officials refused his requests to obtain from his legal files a copy of a "previously

filed" complaint so that he could resubmit it to the court, and that he recently had obtained a copy of that complaint and was submitting it. [Plaintiff's Decl. 1-3]. No complaint, however, was ever lodged or filed in this case. Nonetheless, plaintiff did submit a "First Amended Complaint" when he submitted his declaration, but that complaint did not have the name and case number of this case on the title page. Instead, plaintiff used the title and case number of a closed case, Shadale Lewis Williams v. Los Angeles County Superior Court, Case Number CV08-4283 TJH (MAN) ("Williams I"). Plaintiff's amended complaint was rejected for filing in Williams I and returned to plaintiff because the case had been terminated, and there was no pending case in which an amended complaint could be filed. [Williams I, Notice of Discrepancy and Order filed November 16, 2009].

Thereafter, a notice was filed referring plaintiff's declaration to the magistrate judge for consideration. Then, on November 17, 2009, plaintiff filed a "Motion for U.S. District Court Review De Novo;and/or Notice of Appeal on Clear Bias and District Court Abuse of Process" ("Motion for Review").

Plaintiff's declaration and his "Motion for Review" are construed as a motion pursuant to Rule 60(b) for relief from the Order of Dismissal.

Rule 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

To warrant relief under Rule 60(b)(1) through (b)(5), plaintiff must demonstrate entitlement to relief on one of the enumerated grounds, such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. State of Washington, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks and citations omitted), cert. denied, 522 U.S. 806 (1997).

Based on plaintiff's declaration and the Motion for Review, plaintiff's argument appears to be that ~~any delay in submitting a complaint was beyond his control, and he submitted an amended complaint in~~ Williams I, so the dismissal of this case was improper.

According to the court's docket sheet and files, plaintiff was granted leave to proceed without prepayment of the filing fee and filed a civil rights complaint in Williams I on July 18, 2008. That complaint named several defendants, including Alan A. Sharpe ("Sharpe"), a Los Angeles County public defender. Sharpe is the sole defendant named in the caption of the IFP application plaintiff filed in this case. On December 4, 2008, a Report and Recommendation ("Report") was filed in Williams I recommending dismissal of some of plaintiff's claims with prejudice and the remaining claims without prejudice. An order adopting the Report was filed on January 9, 2009, and judgment was entered dismissing plaintiff's claims against Sharpe without prejudice.

On April 14, 2009, plaintiff submitted a first amended complaint for filing in Williams I. The amended complaint was rejected for filing on the grounds that the case had been terminated, and that there was no pending case in which an amended complaint could be filed. [Williams I, Notice of Discrepancy and Order filed April 15, 2009].

Then, on October 23, 2009, plaintiff filed his declaration in this case attempting to explain why he had not timely filed a complaint, and he submitted a "First Amended Complaint" for filing in Williams I.[1]

---

[1] Plaintiff listed the case number of that amended complaint as "CV08-4823 TJH(MAN)." The correct case number for Williams I is "CV08-4283 TJH (MAN)." The Clerk corrected the case number prior to docketing. [Notice of Discrepancy and Order filed November 16, 2009].

3

Plaintiff seems to be under the mistaken impression that he was entitled to file an amended complaint against Sharpe in Williams I, or at least that filing an amended complaint in *that* case was the proper response to the orders issued in *this* case giving him additional time to file a complaint. Plaintiff also contends that the Clerk of Court erred when (to use plaintiff's terms) she "reassigned/redocketed" an IFP application he submitted in Williams I by assigning that document a new case number and using it to open this case. [Motion for Review 3-4]. Plaintiff also seems to believe that there is a complaint "on file" in Williams I that should be considered for purposes of determining whether or not to close this case. [Motion for Review 4].

The gist of plaintiff's contentions seems to be that he is entitled to relief from the order dismissing ~~this case on the grounds of either mistake or excusable neglect. If any mistake was made, it appears to have~~ been made by plaintiff, who attempted to file an amended complaint against Sharpe in Williams I rather than simply filing a new complaint against Sharpe in this case. Neither the Report or the judgment in Williams I authorized plaintiff to file an amended complaint, and both of the amended complaints that he attempted to file in that case were rejected. [See Notices of Discrepancy and Order dated November 16, 2009 and April 15, 2009; Judgment filed Judgment filed January 9, 2009; Report filed December 3, 2008]. Accordingly, there neither is nor was a complaint "on file" in Williams I that could save this action from dismissal, as plaintiff seems to suggest, nor has plaintiff tendered one with his Motion for Review.

To the extent that plaintiff is asserting that his failure to timely file a complaint was due to excusable neglect, the court must explicitly consider "at least" the four factors articulated in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltds. P'ship, 507 U.S. 380, 395 (1993) in making the equitable determination whether to grant relief under Rule 60(b). See Lemoge v. United States, — F.3d—, 2009 WL 4546727, at *2, *5 (9th Cir. 2009). Those factors are "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000) (citing Pioneer, 507 U.S. at 395); Lemoge, 2009 WL 4546727, at *2.

The first factor, prejudice to the opposing party, weighs in favor of finding excusable neglect. As no complaint has been filed or served in this case, there is not yet a defendant who could have been prejudiced as a result of delay in this case.

The second factor, the length and impact of the delay on this case, weighs against finding excusable neglect. Plaintiff was told that this case would be closed if he did not submit a complaint within 30 days. Plaintiff subsequently was given two extensions of time and over four months in total in which to file a complaint. Cf. Harvest v. Castro, 531 F.3d 737, 746-747 (9th Cir. 2008)(holding that a "substantial" delay of 64 days weighed against finding excusable neglect); Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004)(en banc)(holding that a delay of less than 30 days weighed in favor of finding excusable neglect).

Analysis of the third factor, the reason for the delay and whether it was within plaintiff's control, produces mixed results. Plaintiff contends that prison officials impeded him from obtaining from his legal files a copy of a "previously filed" amended complaint, which plaintiff wanted to resubmit. That delay was beyond plaintiff's control. When plaintiff finally got that copy, however, he did not submit it in this case, which had been held open at plaintiff's request to enable him to file a complaint. Instead, he resubmitted it in Williams I, even though that case already had been dismissed, and even though his amended complaint already had been rejected for filing once before in Williams I.

The fourth factor, plaintiff's good faith, favors a finding of excusable neglect. Nothing suggests that plaintiff delayed filing a complaint in this case in bad faith, that is, from "deviousness or willfulness." Bateman, 231 F.3d at 1225; see Pincay, 389 F.3d at 861 (Berzon, J., concurring)(noting that "the lawyer did within the appeal deadline period make an effort, although an exceedingly poor one, to ascertain the appeal deadline; he did not ignore the issue entirely," and that the "the existence of *some* effort to meet appeal deadlines is not simply evidence of good faith. The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence.").

Two of the four factors weigh in favor of finding excusable neglect, one weighs against such a finding, and one is equivocal. Because the excusable neglect inquiry under Rule 60(b) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," Pioneer, 507 U.S. at 395, there is an additional factor that should be taken into account in this case, and that is the absence of prejudice to plaintiff from denial of his Rule 60(b) motion. See Lemoge, 2009 WL 4546727, at *5 (holding that in the circumstances of that case, the district court erred in its analysis of excusable neglect by failing to consider the prejudice to the moving party if relief were denied under Rule 60(b)). As noted above,

plaintiff's IFP application in this case and the "previously filed" amended complaint that plaintiff referred to in the declaration filed in this case and submitted in <u>Williams I</u> name as a defendant plaintiff's former public defender, Sharpe. In <u>Williams I</u>, the Report and Recommendation stated:

> Although plaintiff's claims against defendants Sharpe, Garvin, and Hargrove should be dismissed without prejudice, the Court notes that these claims suffer from serious defects in addition to the bar of [<u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)]. Most obviously, defendants Sharpe and Garvin were not state actors, and plaintiff's allegations that they conspired with the prosecutor and trial court to conceal the <u>Brady</u> material are too conclusory to subject these defendants to Section 1983 liability.

[<u>Williams I</u>, Report and Recommendation filed Dec. 3, 2008, at 27-28 n.10 (citing <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980))]. Plaintiff remains incarcerated, and nothing in the record before the Court suggests that his criminal conviction or sentence has been overturned or invalidated since <u>Williams I</u> was dismissed in January 2009. The elements of a section 1983 claim have not changed, and nothing has altered the conclusion that a public defender's representation of a criminal defendant does not constitute state action for purposes of a section 1983 claim. <u>See, e.g.</u>, <u>Jackson v. Brown</u>, 513 F.3d 1057, 1079 (9th Cir. 2008)(citing <u>Dodson</u>). Following the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, — U.S.—, 129 S.Ct. 1937 (2009), moreover, plaintiff faces a more exacting pleading standard than he did when he filed his complaint in <u>Williams I</u>. Therefore, it is very unlikely that allegations that were "too conclusory to subject [Sharpe] to Section 1983 liability" in <u>Williams I</u> could withstand dismissal now. <u>See Iqbal</u>, 129 S.Ct. at 1949.

      Regardless of whether or not plaintiff's Rule 60(b) motion is granted, he faces the same challenges in filing a legally sufficient complaint, something he must do in either event if he wishes to sue Sharpe under section 1983. Plaintiff's claims against Sharpe were dismissed without prejudice in <u>Williams I</u> and in this case. Accordingly, plaintiff is not precluded from filing a new action, and he will not be prejudiced by the denial of relief under Rule 60(b).

**Recommendation**

For the reasons described above, plaintiff's motion for relief under Rule 60(b) should be denied.

DATED: 12.9, 2009

ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

7